UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joscastarius Timpson, ) | C/A No. 5:15-cv-02768-PMD-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| South Carolina Department of Corrections; ) | |
| Christopher Pondexter; ) | |
| Joshua Silva; ) | |
| Karl Von Mutius, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Defendant South Carolina Department of Corrections ("SCDC") removed this case from state court, asserting 28 U.S.C. §§ 1331 and 1343 as the jurisdictional bases for the removal. ECF No. 1 at 1 (asserting complaint "alleges causes of action under 42 U.S.C. § 1983, and the deprivation of constitutional rights secured by the Constitution and laws of the United States of America"). The case was originally filed by Joscastarius Timpson ("Plaintiff") in the Dorchester County Court of Common Pleas and was given this case number: 2015-CP-18-00716. ECF No. 1-1. This case is before the undersigned United States Magistrate Judge because Plaintiff filed the state case as a pro se litigant. Under this court's local rules, the appearance of a pro se litigant in a civil action requires reference to a magistrate judge for all pretrial proceedings. Local Civ. Rule 73.02(B)(2)(e) (D.S.C.).

I.     Procedural Background

The complaint filed in state court names only the SCDC as a defendant in the caption of the pleading. ECF No. 1-1 at 1. It also states on its initial page that it is a "VERIFIED COMPLAINT for the Tort of Gross Negligence Against SCDC," *id.*, and under the subsection of the pleading titled "Jurisdiction and Venue," Plaintiff states that "[t]his is a Tort Claim Action

1

Authorized Pursuant to South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10." *Id*. at 2. The three SCDC employees that the removing Defendant has placed in the caption of its Notice of Removal (Christopher Pondexter, Joshua Silva, Karl Von Mutius) are not listed as defendants in the caption of the state complaint; however, they are listed and identified as "defendants" in the subsection of the state complaint titled "Parties." *Id*. at 4. Plaintiff uses the terms "tort" and "gross negligence" and "wrongful" and "unlawful" at various points throughout the state complaint to describe the actions of the parties and the claims he is asserting. *E.g.*, *id*. at 4, 15, 17, 18, 21, 26, 27, 30, 31. Plaintiff also uses the terms "willful" and "malicious" to describe some actions allegedly taken by the three corrections officer "parties." *E.g.*, *id*. at 21, 23, 24, 25, 28, 30, 30. Plaintiff cites to certain SCDC policies, such as those governing the use of force, the use of chemical munitions, and the use of control cells by corrections officers, within the body of the state complaint. *Id*. at 19, 20, 21, 23, 24, 25, 28, 29. Contrary to the removing Defendant's allegations in the Notice of Removal, however, Plaintiff's complaint contains no reference to 42 U.S.C. § 1983 or any other federal statute or federal constitutional provision.[1] Plaintiff does not use terms such as "indifference" or "unconstitutional" often associated with § 1983 actions anywhere within the body of the state complaint. Thus, there are no ambiguous references from which a § 1983 claim might reasonably be construed.

II.     Discussion

A defendant in a case in a state court may remove that case to a federal district court only if the state-court action could have been originally filed in a federal district court. 28 U.S.C. §

---

[1] Although Plaintiff and some of his affiants do cite to federal statutes 28 U.S.C. §§ 1746 and 1621, ECF No. 1-1 at 32, 36, 37, 40, these citations are used only as part of form language about documents presented with signatures affixed under penalty of perjury. They are not used in the body of the pleading to explain or describe any of the substantive allegations or claims in the state complaint.

2

1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is federal-question jurisdiction under 28 U.S.C. § 1331. A federal district court may consider the issue of its subject-matter jurisdiction at any time in the process of a case. *See, e.g.,* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Kontrick v. Ryan,* 540 U.S. 443, 455 (2004) (citing *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)) (same); *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008) (same). Various federal courts have held that the removal statutes are to be construed *against* removal jurisdiction, and in favor of remand "[b]ecause removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)); *see also Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."); *Cohn v. Charles*, 857 F. Supp. 2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court."); *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990) (collecting cases holding that removal statutes are to be construed *against* removal jurisdiction, and in favor of remand). The removing party, as the one invoking removal jurisdiction, has the burden of showing that removal was proper. *Mulcahey*, 29 F.3d at 151 ("The burden of establishing federal jurisdiction is placed upon the party seeking removal."). "If federal jurisdiction is doubtful, a remand is necessary." *Id*. Additionally, it is well

settled federal law in the removal area that the plaintiff is the master of his complaint. *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005).

Although a federal court is not bound by the parties' characterization of a case, a district court must first look at the plaintiff's state complaint to determine if either federal-question or diversity jurisdiction is present. *Lyon v. Centimark Corp.*, 805 F. Supp. 333, 334 (E.D.N.C. 1992). The fact that a complaint is filed by prisoner and the alleged facts arise from prison conditions or from other conditions that resulted in his imprisonment does not invariably show that claims are being made under the federal civil rights statutes (§§ 1981, 1983, 1988) or under the United States Constitution. *See, e.g., Cruel v. Cnty. of Greenville*, 617 F. Supp. 2d 436, 439 (D.S.C. 2007); *Addison v. Charleston Cnty. Pub. Defs.*, No. 4:11-2936-CMC-JDA, 2011 WL 6937608, at *2 (Dec. 8, 2011), *adopted*, 2012 WL 10499 (D.S.C. Jan. 3, 2012); *Brave v. S. C. Highway Dep't*, No. 4:07-3457-HMH-TER, 2008 WL 2001913, at *2 (D.S.C. May 06, 2008). Additionally, as the master of his complaint, even a state prisoner, as here, claiming violations of some of his rights can decide to pursue issues in state court, relying on state law, and without reliance on federal statutes, assuming the rights claimed are also protected by state constitutions, rules, and/or statutes. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 n.7 (1987); *see, e.g., McBrearty v. Ky. Comty., Tech. Coll. Sys.*, No. CIV.A. 06-CV-197KSF, 2006 WL 2583375, *6 (E.D. Ky. Sept. 7, 2006) ("Where a plaintiff chooses to assert only state law claims, recharacterizing it as a federal claim is generally prohibited.").

Having closely reviewed the state complaint, the undersigned finds that the pro se Plaintiff did not raise any federal claims in his state-court complaint. Plaintiff specifically limited his allegations of jurisdiction and venue to the "South Carolina Tort Claims Act" and all of his allegations and claims for relief sound in negligence and tort. As previously stated, there are no

references to any federal constitutional provision, statute, or treaty in the body of the pleading, and there is no usage of ambiguous terminology that could, arguably, indicate a federal claim. Thus, despite Defendant SCDC's contentions otherwise, the allegations in Plaintiff's pro se state complaint, liberally construed as pro se pleadings must be, do not show claims over which this court can exercise its limited federal subject-matter jurisdiction. Moreover, no diversity jurisdiction is evident from the face of the state complaint. Under these circumstances, the state complaint controls and this case should be remanded to Dorchester County to permit Plaintiff to go forward with his claims. This case should be remanded to the Court of Common Pleas for Dorchester County without prejudice to Defendants' filing responsive pleadings to Plaintiff's complaint in state court. *See* 28 U.S.C. § 1447(c); *Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 786 (5th Cir. 1993).

III.    Conclusion

Accordingly, for the foregoing reasons, it is recommended that this matter be remanded to the Court of Common Pleas for Dorchester County *without prejudice* to Defendants' right to file responses to Plaintiff's filings in the state court.

IT IS SO RECOMMENDED.

July 20, 2015                                                                                        Kaymani D. West
Florence, South Carolina                                                                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).